**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Joseph G. Rosania, Jr.

| | |
|---|---|
| In re:<br><br>MICHAEL CHRISTOPHER FITZPATRICK,<br><br>Debtor. | Case No. 26-10766-JGR<br>Chapter 7 |
| RAMINTA STOCKUTE FITZPATRICK,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL CHRISTOPHER FITZPATRICK,<br><br>Defendant. | Adv. Pro. No. 26-01130-JGR |

## OPINION AND ORDER

THIS MATTER is before the Court on the Defendant's Motion to Dismiss Complaint Objecting to Discharge filed June 3, 2026 (the "Motion" Doc. 09), the Plaintiff's Response in Opposition filed June 22, 2026 (Doc. 12), and the Defendant's Reply filed June 24, 2026 (Doc. 15). Having carefully considered the pleadings and the arguments of the parties, the Court grants the Motion.

I. Bankruptcy Case

Michael Christopher Fitzpatrick ("Defendant") filed a Chapter 7 case in this District on February 10, 2026. He was represented by counsel in the bankruptcy case. He listed assets including a house in Canon City, Colorado in which Plaintiff Raminta Stockute Fitzpatrick ("Plaintiff") and two children of the marriage between the parties reside, two older motor vehicles, his interest in a sole member business, and nominal personal property. He listed liabilities including two mortgages on the house, a priority domestic support obligation owed to Plaintiff, and unsecured debt in the amount of $80,806.00. The Chapter 7 Trustee for his case conducted a meeting of creditors on March 16, 2026, and filed a report of no distribution on April 23, 2026. Defendant claims he cooperated with the Chapter 7 Trustee, has no permanent residence, and is living on public assistance.

The deadline to object to discharge or to challenge whether certain debts are dischargeable was May 15, 2026. No creditors filed challenges to the dischargeability of debts. Plaintiff's claims against the Defendant are excepted from discharge as domestic support obligations under 11 U.S.C. § 523(a)(5) or as debts arising in a marital dissolution action under 11 U.S.C. § 523(a)(15).

It is noteworthy that neither the United States Trustee, the Chapter 7 Trustee, nor any other creditor objected to the Defendant's discharge. The Court evaluates Plaintiff's claims through the lens of the Court's prior service as a Chapter 7 Trustee in this District from 1985 to 2015.

II. Adversary Proceeding

This adversary proceeding was timely. The Complaint (Doc. 01), filed by the Defendant's wife, alleges that she is a creditor by reason of domestic-support obligations, claims arising in a pending marital dissolution proceeding, and contribution or indemnification rights on joint business obligations. The Plaintiff attended the meeting of creditors and has "flyspecked" the Defendant's bankruptcy pleadings with knowledge only an estranged spouse would possess.

The twenty-five page Complaint objects to Defendant's chapter 7 discharge and sets forth seven claims for relief. Counts I to VI allege false oaths under 11 U.S.C. § 727(a)(4)(A) concerning: (i) marital status; (ii) legal proceedings and levied property; (iii) financial accounts; (iv) business interests and financial statements; (v) income; and (vi) creditors and codebtors. Count VII alleges concealment of property under 11 U.S.C. § 727(a)(2)(A).

The concealment of property claim concerns Defendant's 100% interest as the sole member of Michael C. Fitzpatrick LLC, d/b/a MCF Inspection ("MCF"). Plaintiff alleges that MCF was administratively dissolved one day before the bankruptcy case was filed and reinstated one day after the meeting of creditors for a nefarious purpose. The Court notes that Defendant scheduled his 100% ownership interest in MCF and valued the entity as "unknown".

Defendant's Answer and Motion were received and stamped by the Clerk on June 2, 2026, although they appear to be docketed on different dates, with the Answer entered first (Docs. 09, 10).

On June 22, 2026, Plaintiff filed her Response (Doc. 12). On June 24, 2026, Defendant filed his Reply with a declaration and various exhibits (Doc. 15). The Court has considered the parties' pleadings but, for the reasons explained below, excludes their evidentiary submissions.

III. Jurisdiction and Authority

The Court has jurisdiction under 28 U.S.C. §§ 1334 and 157. An objection to discharge is a core proceeding under 28 U.S.C. § 157(b)(2)(J), and the Court may enter a final order. Venue is proper under 28 U.S.C. § 1409(a).

IV. Applicable Law

a. Judgment on the Pleadings

i. Fed.R.Bankr.P. 7012

Fed.R.Bankr.P. 7012 makes Fed.R.Civ.P 12(b)-(i) applicable in this proceeding. The Defendant's Answer and Motion were received and stamped by the Clerk on June 2, 2026, and the Answer was docketed first (Docs. 12, 13). The Court need not determine whether the order of filing by the clerk of the court made the Motion technically untimely under Fed.R.Civ.P. 12(b). A defense of failure to state a claim remains available after an answer and may be raised by motion under Fed.R.Civ.P. 12(c). *See also* Fed.R.Civ.P. 12(h)(2)(B). Because the pleadings are closed, the Court treats the Motion as one for judgment on the pleadings under Fed.R.Civ.P. 12(c). *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002).

A motion under Fed.R.Civ.P. 12(c) asserting failure to state a claim is governed by the same substantive standards as a motion under Fed.R.Civ.P. 12(b)(6). *Morris v. City of Colorado Springs*, 666 F.3d 654, 660 (10th Cir. 2012). Under either rule, the Court accepts the Complaint's well-pleaded factual allegations as true and draws reasonable inferences in Plaintiff's favor. *Colony Insurance Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012). At this stage in the litigation, the Court does not weigh evidence or resolve factual disputes. Defendants' denials do not defeat otherwise sufficient allegations under Fed.R.Civ.P. 12(c); the Court may not accept disputed factual assertions in the Answer as a basis for rejecting Plaintiff's claims.

ii. Rules 8 and 9(b)

Fed.R.Civ.P. 8 and Fed.R.Civ.P. 9 are made applicable to this proceeding by Fed.R.Bankr.P. 7008 and Fed.R.Bankr.P. 7009.

Fed.R.Civ.P. 8 requires factual allegations sufficient to make entitlement to relief plausible. Labels, a recitation of the elements, and conclusions presented as facts do not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57, 570 (2007). Plausibility does not require probability, but it requires more than the possibility that a defendant acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The necessary detail depends on the claim and its context. A plaintiff need not prove the case in the complaint but must supply facts supporting the required connection between the events alleged and the unlawful conduct asserted. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1190-94 (10th Cir. 2012).

Fed.R.Civ.P. 9(b) requires a party alleging fraud to state the circumstances constituting fraud with particularity. That requirement applies to Counts I through VI because each claim includes the elements of a knowing and fraudulent false oath. The pleading must ordinarily identify the who, what, when, where, and how of the alleged fraud sufficiently to give the defendant fair notice of the claim and its factual basis. *United*

*States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171-72 (10th Cir. 2010). Allegations based on information and belief may be appropriate when relevant information is peculiarly within the opposing party's knowledge, but the complaint still must provide an adequate factual basis for the allegation. *Koch v. Koch Indus. Inc.*, 203 F.3d 1202, 1237 (10th Cir. 2000).

The Court need not decide whether Fed.R.Civ.P. 9(b) independently applies to Count VII. As explained below, Count VII fails under Fed.R.Civ.P. 8 because nothing was concealed. Thus, the Court does not have to reach the question of whether Count VII requires that the claim be pled with particularity.

Fed.R.Civ.P. 9(b) permits knowledge and intent to be alleged generally but does not permit conclusory pleading of state of mind. *Iqbal*, 556 U.S. at 686-87. Plaintiff need not plead direct evidence of subjective intent or identify an admission of fraudulent purpose. Plaintiff must nevertheless allege facts that, viewed in context and in her favor, support a plausible inference of the required state of mind. The use of the words "knowingly" and "fraudulently" do not prove an otherwise deficient claim.

Both parties are self-represented. As such, their papers are construed liberally, but the Court may not supply missing facts or act as an advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Liberal construction does not authorize the Court to weigh credibility. Nor may the Court reject a plausible inference merely because Defendant proposes an innocent explanation. The inquiry is whether Plaintiff has plausibly pleaded the statutory elements and facts to support such elements, not whether Defendant's account is more persuasive.

iii. Materials Outside the Pleadings

Fed.R.Civ.P. 12(d) applies to motions under both Fed.R.Civ.P 12(b)(6) and 12(c). If matters outside the pleadings are presented and not excluded, the motion must be treated as one for summary judgment, and all parties must have a reasonable opportunity to present pertinent material. The Court declines to convert the Motion to one for summary judgment. Subject to the exceptions discussed below, the Court excludes the parties' evidentiary submissions offered to establish disputed facts beyond the Complaint.

In deciding the Motion, the Court ordinarily confines its review to the pleadings. Limited exceptions permit consideration of documents attached to the Complaint, documents referred to in the Complaint that are central to the claims and of undisputed authenticity and matters subject to judicial notice. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384–85 (10th Cir. 1997). The Court may take judicial notice of the existence and contents of appropriate public records without accepting disputed factual assertions in those records as true. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

Accordingly, the Court may recognize the filing of the bankruptcy case, the pleadings in the bankruptcy case, and relevant procedural dates. It accepts the

Complaint's factual allegations about the information in the Schedules and Statement of Financial Affairs ("SOFA"), for the purposes of this Motion.

Defendant's Reply adds a declaration, emails, and tax returns. Those materials are offered as evidence of Defendant's good faith, reliance on bankruptcy counsel, lack of notice, and account status. The Court excludes and does not consider or rely on the additional materials.

Because the Motion is not being converted to a motion for summary judgment, Plaintiff's conditional request for discovery under Fed.R.Civ.P. 56(d) is denied.

b. Objections to Discharge

At trial, the objecting party bears the burden of proving the objection. Fed.R.Bankr.P. 4005. The applicable burden of persuasion is a preponderance of the evidence. *First National Bank of Gordon v. Serafini (In re Serafini)*, 938 F.2d 1156, 1157 (10th Cir. 1991). *See also Gullickson v. Brown (In re Brown)*, 108 F.3d 1290, 1293-94 (10th Cir. 1997). The Motion's reliance on a clear-and-convincing standard is incorrect.

Importantly, claims to deny discharge under 11 U.S.C. § 727 are construed strictly against the objecting creditor and liberally in favor of the debtor. *Brown*, 108 F.3d at 1292.

At this stage in the litigation, the sufficiency of evidence is not evaluated. The question before the Court is whether the Complaint plausibly alleges each required element.

i. False Oaths Under 11 U.S.C. § 727(a)(4)(A)

11 U.S.C. § 727(a)(4)(A) applies when a debtor knowingly and **fraudulently** makes a false oath or account in or in connection with the bankruptcy case. A plaintiff must establish an oath or omission, falsity, the debtor's knowledge of the falsity, fraudulent intent, and materiality. *Brown*, 108 F.3d at 1294; *Job v. Calder (In re Calder)*, 907 F.2d 953, 955-56 (10th Cir. 1990) (per curiam). An omission from sworn bankruptcy schedules or a statement of financial affairs may constitute a false oath. *Calder*, 907 F.2d at 955. An oath is material when it bears a relationship to the debtor's business transactions, the bankruptcy estate, or concerns the discovery of assets, business dealings, or the existence and disposition of property. *Id.* Materiality is not defeated merely because an omitted asset ultimately proves worthless.

Knowledge and fraudulent intent are distinct. A false statement caused by mistake, inadvertence, or honest error does not warrant denial of discharge. *Brown*, 108 F.3d at 1294–95. Fraudulent intent ordinarily must be inferred from circumstances and may be established through a course of conduct. *Calder*, 907 F.2d at 955–56. The Tenth Circuit Bankruptcy Appellate Panel has further treated reckless indifference to the truth as the functional equivalent of fraud in appropriate circumstances. *United States Trustee v. Garland (In re Garland)*, 417 B.R. 805, 815–18 (B.A.P. 10th Cir. 2009). At the pleading stage, the question is whether the alleged circumstances, considered collectively and in Plaintiff's favor, support a plausible inference of fraudulent intent. The

Court notes the Complaint does not allege that any of the false statements were made fraudulently. This failure would itself be grounds to dismiss Counts I-VI of the Complaint. However, the Court deems it appropriate to analyze the claims as pled.

ii. Concealment under 11 U.S.C. § 727(a)(2)(A)

11 U.S.C. § 727(a)(2)(A) requires denial of discharge for a debtor who has transferred, removed, destroyed, mutilated, or concealed property of the debtor, within one year before the petition, with actual intent to hinder, delay, or defraud a creditor or an officer of the estate. *Brown*, 108 F.3d at 1292–93. Constructive fraud alone is insufficient.

Intent may be inferred from circumstances, including timing, retained benefit, relationships among participants, and the course of dealings. *Marine Midland Bus. Loans, Inc. v. Carey (In re Carey)*, 938 F.2d 1073, 1076–78 (10th Cir. 1991). Those circumstances must be assessed collectively. They do not eliminate the separate requirements that the conduct must concern property belonging to the debtor and occur within the statutory period.

A debtor may conceal property by placing title in another while retaining a secret beneficial interest. *Wieland v. Gordon (In re Gordon)*, 526 B.R. 376, 388-89 (B.A.P. 10th Cir. 2015). Continued use and enjoyment may be evidence of that retained interest. *Id.* Under the continuing-concealment doctrine, concealment that began before the statutory year may support denial of discharge if the property remains concealed during that year with the requisite intent. *Newton v. Essres (In re Essres)*, 139 B.R. 958, 960-62 (D. Colo. 1992); *Wieland v. Gordon (In re Gordon)*, 526 B.R. 376, 388–89 (B.A.P. 10th Cir. 2015).

V. Analysis

a. Count I – Marital Status

Count I identifies two specific statements made by the Defendant under oath on February 10, 2026, the date he filed his bankruptcy case, which are alleged to be false oaths. They are Defendant's selection of "Not married" on Form 122A-1 (Doc. 5) and his answer to Question 1 of his SOFA (Doc. 1), that he was not married. Plaintiff alleges that the parties are legally married and their dissolution proceeding was pending when Defendant submitted those answers. Those allegations identify the challenged statements, their location, when they were made, and that they were false. They adequately identify false statements.

The Complaint also alleges facts supporting knowledge of falsity. Defendant allegedly received a motion seeking temporary orders in a pending dissolution proceeding shortly before bankruptcy. He described Plaintiff as his "estranged wife" in his Schedule A (Doc. 1). That description supports an inference that Defendant knew the marriage had not legally ended. His identification of Plaintiff as a mortgage codebtor in Schedule H (Doc. 1), establishes his awareness of their joint obligations, although codebtor status, standing alone, does not establish marital status.

The first deficiency in the Complaint concerns fraudulent intent. Under controlling authority, a material false oath "must be made willfully with intent to defraud." *Calder*, 907 F.2d at 955. The Tenth Circuit has also cautioned that "an honest error or mere inaccuracy is not a proper basis for denial of discharge." *Brown*, 108 F.3d at 1294. These principles require the Court to examine what the alleged circumstances indicate about the false answers and how a debtor would benefit from them, rather than equating their falsity with fraud.

Defendant allegedly knew that he was married yet selected "Not married" twice in sworn bankruptcy documents. Assuming the facts set forth in the Complaint are true, the Court concludes that the Complaint plausibly alleges Defendant's marital-status answers were inaccurate. However, the Complaint does not allege sufficient facts to plausibly establish fraudulent intent, especially where, as here, the Complaint fails to plead that necessary element of the statute. In the view of the Court, the Defendant has nothing to gain by lying about the status of the marital relationship between the parties.

The second deficiency is materiality. The Plaintiff was listed in Schedule E as a creditor to whom a domestic support obligation was owed. She had actual knowledge of and participated in the bankruptcy case. The Court does not believe the precise legal status of the marriage between the parties on the date of filing has any bearing on the bankruptcy estate or its assets and certainly is not grounds for denial of discharge.

Therefore, since these false statements are neither material nor fraudulent, Count I is dismissed.

b. Count II – Legal Proceedings and Levied Property

Count II claims Defendant's negative answers to SOFA Questions 9 and 10 (Doc. 1), that there were no legal proceedings or property subject to collection within one year of the bankruptcy filing, constitute false oaths. Plaintiff alleges that, within one year, Defendant was involved in a pending marital dissolution proceeding, and a criminal proceeding related to the pending divorce between the parties. She also alleges recent levies were made against Defendant's financial accounts by the Colorado Department of Human Services to satisfy child support arrears for their children.

The Complaint alleges substantial facts bearing on Defendant's awareness of those events. Four days before the filing of his bankruptcy case, Defendant allegedly executed a power of attorney, appointing his brother to appear in the marital dissolution proceeding on his behalf. Two days before filing, he allegedly sent the power of attorney to the state-court clerk. His brother then appeared on Defendant's behalf in state court the day before the bankruptcy filing. Plaintiff further alleges that Defendant personally appeared in a criminal proceeding fifteen days before the bankruptcy filing and was subject to an active permanent civil protection order. If his bank account was levied to satisfy child support arrears, Plaintiff alleges he was aware of such collection activity.

These allegations strengthen the inference that Defendant knowingly gave inaccurate responses. Their proximity to the bankruptcy filing also gives them greater significance than more remote events.

Even so, knowledge that the answers were inaccurate is not sufficient to establish the fraudulent intent required by 11 U.S.C. § 727(a)(4)(A). The Complaint in Count II fails to plead an element of the statute that the inaccurate answers were made fraudulently. The Complaint alleges no conduct accompanying the incorrect answers that indicates an intent to deceive the trustee or creditors. The chronology does not create an inference to establish a sufficiently plausible fraudulent intent. Although the omissions are arguably material, the Court fails to see how such omissions are fraudulent. In the opinion of the Court, the Defendant would have nothing to gain by providing inaccurate answers to questions 9 and 10. Plaintiff knew of the pending divorce action and the levies. The omitted legal proceedings all relate to the parties' marital dissolution and to the extent levies were made in connection with unpaid child support, they would not be avoidable transfers.

Since Count II does not allege or provide facts to support the false statements were fraudulent, and the Court does not see how they can be fraudulent especially when Plaintiff was aware of the proceeding and levies, it is dismissed.

c. Count III – Financial Accounts

Count III alleges the Defendant failed to list personal and business accounts in Schedule A/B and failed to correctly answer SOFA Question 20 concerning closed or transferred accounts. Plaintiff alleges he failed to list a personal account at Charles Schwab, which was levied by the Colorado Department of Human Services and two accounts owned by his business, MCF, at U.S. Bank and Wells Fargo.

Plaintiff alleges that the Colorado Department of Human Services executed levies against financial accounts at multiple institutions, including an account held by Defendant at Schwab, during the one-year period before the filing of the bankruptcy case. She alleged that Schwab correspondence confirmed a lien against that account, and that Defendant personally received correspondence concerning the collection activity. These are vague allegations which do not contain an account number of the Schwab account, the amount levied or balance on the date of filing. She further alleges that Defendant omitted the Schwab account from Schedule A/B and answered "No" to the Question 20 of his SOFA concerning accounts closed, sold, moved, or transferred within the preceding year.

Plaintiff may plead alternative theories concerning whether the Schwab account remained open or had been closed within the applicable period. Fed.R.Civ.P. 8(d)(2). An account having a zero balance due to collection would not necessarily eliminate the obligation to disclose its existence or disposition. *Calder* rejected the proposition that an omitted account becomes immaterial merely because it lacks value. 907 F.2d at 955.

The Complaint is deficient in that there is no allegation that the failure to list the Schwab account was fraudulent. The Plaintiff was aware of the account and benefitted from the levy on the account.

Additionally, the Court finds that the Defendant is not required to list accounts owned by a separate legal entity, here MCF. Thus, there is no false oath by not listing the U.S. Bank or Wells Fargo accounts.

Therefore, Count III is dismissed.

d. Count IV – Business Interests and Financial Statements

Count IV alleges the Defendant's answer to SOFA Question 27 concerning disclosures of his interest in businesses he owned during the four years prior to his bankruptcy filing was either incomplete and/or incorrect.

Plaintiff alleges that although the Defendant listed MCF, he failed to complete the subsection of the question requiring him to identify the nature of the business, the employer identification number, the name of its accountant or bookkeeper, or the dates the business existed.

Plaintiff also alleges he failed to list an entity known as AQI, LLC, even though she admits it was dissolved in 2023. Although dissolution of the entity would not eliminate the obligation to disclose it, the failure to disclose a dissolved entity has no effect on the bankruptcy estate.

Plaintiff also alleges his answers to SOFA Question 28 were incorrect because he issued financial statements about his business within two years prior to the filing of his bankruptcy case. She identifies July 2024 submissions of a business loan application to Swish Funding and bank statements to OnDeck.

The allegations concerning Swish Funding and OnDeck identify particular transactions within the applicable two-year period. Plaintiff identifies a July 2, 2024 business funding application that Defendant signed and submitted to Swish Funding, including a representation that MCF's annual revenue was $1.2 million. She also identifies his July 16, 2024 transmission of six business bank statements to OnDeck. The Court will not assume those submissions constitute financial statements within the scope of the question. Even if they were, there is no credible allegation that the Defendant's interest in MCF had any realizable value or that the financial statement disclosed any assets which would materially affect its value.

In summary, although the Defendant listed MCF, he did not answer the ancillary questions. However, the interest in MCF was listed. Although he did not list AQI, it had been dissolved and so there was no value in such entity for the bankruptcy estate. There is no allegation he provided **financial statements** to either Swish Funding or OnDeck and the Court cannot speculate as to what was provided. Bank statements are not financial statements.

*Garland* recognizes that "reckless indifference to the truth" may constitute the "functional equivalent of fraud." *Garland,* 417 B.R. at 815. But the facts supporting that conclusion in *Garland* included the debtor's continued use of undisclosed accounts for personal expenses and his retention of the benefits of a residence placed through a series of transactions involving friends and family, together with omitted business affiliations. *Id.* at 816–18. The decision relied on an interrelated course of conduct, not simply the fact that the debtor had previously participated in transactions he later failed to report.

The Complaint acknowledges that Defendant disclosed his ownership of MCF and continuing MCF income but alleges he failed to answer certain ancillary questions. Count IV does not plead fraudulent intent. Considering that context and the remaining allegations together, the Court concludes that the Complaint does not plausibly allege fraudulent intent. The alleged deficiencies establish inaccurate or incomplete answers but do not plausibly establish the state of mind required by 11 U.S.C. § 727(a)(4)(A). The Court disregards the conclusory statements set forth in paragraph 60 of the Complaint of the effect of the alleged false oaths or omissions.

Although Count IV identifies several inaccurate disclosures, it does not plausibly plead fraudulent intent and is therefore dismissed.

e. Count V – Income

Count V plausibly alleges that Defendant materially understated his 2024 wages in his answer to SOFA Question 4. The Plaintiff alleges that one employer paid Defendant gross wages of $44,877.50 during the first quarter of 2024, which is contrary to his answer that he received wages of $20,000.00 in 2024.

Falsity, however, does not dispense with the statutory requirement that the oath be "knowingly and fraudulently" made. 11 U.S.C. § 727(a)(4)(A). *Brown* likewise requires consideration of the mental state accompanying an inaccurate disclosure. 108 F.3d at 1294–95. *Brown* draws the distinction between actionable fraud and an honest inaccuracy. The allegations concerning the discrepancy alone, however, do not establish the mental state required by § 11 U.S.C. § 727(a)(4)(A). Count V of the Complaint does not allege the incorrect statement was fraudulently made. A Chapter 7 debtor is required to turnover income tax returns to the Chapter 7 trustee, and such returns are available to creditors. The Court notes the Defendant filed his income tax returns for the years 2023-2025 in this adversary proceeding on June 2, 2026 (Doc. 8). Moreover, since Plaintiff has access to the income tax returns for the years 2023-2025, there is not a knowing and fraudulent false oath.

Therefore, Count V is dismissed.

f. Count VI – Creditors and Codebtors

Count VI identifies four allegedly omitted obligations—a U.S. Bank line of credit, two Wells Fargo credit-card accounts, and borrowing from an unidentified lender secured by MCF. It also alleges that Defendant failed to identify Plaintiff as a codebtor on the first three debts.

The Defendant did list Wells Fargo as an unsecured creditor. Plaintiff supplies the original lender, the date and original amount of the U.S. Bank line, the years in which the Wells Fargo accounts were opened, their credit limits, and the parties' alleged status as co-obligors. She further alleges that the obligations remained unpaid when Defendant filed bankruptcy. Those factual allegations must be accepted at this stage. Plaintiff also alleges she has been exposed to collection while Defendant sought to discharge his own liability, which explains why she is objecting to his discharge. But the possibility that a creditor will pursue a co-obligor following another obligor's bankruptcy does not itself support an inference that a scheduling omission was fraudulent. The adverse consequences of the underlying joint liability are not sufficient to plausibly state the requisite fraudulent intent. Moreover, the Court fails to see how the Defendant would benefit by not listing a creditor.

The Court discounts the unidentified secured-lender allegation because it is not supported by any credible factual allegations. Without those facts, the Complaint does not plausibly allege the existence of an omitted personal debt and therefore does not adequately plead falsity as to Defendant's creditor schedules.

Finally, Fed.R.Civ.P. 9(b)'s provision that knowledge and intent may be alleged generally does not eliminate the need for a plausible factual basis. *Iqbal*, 556 U.S. at 686–87. Debtors fail to list creditors in almost every case. The Court has considered the alleged creditor and codebtor omissions collectively and determines they are mistakes, not knowing and fraudulent false oaths.

Thus, Count VI is dismissed.

g. Count VII – Concealment of Property

Count VII concerns Defendant's ownership interest in MCF and its valuation as unknown and the allegation that the administrative dissolution was concocted to conceal the economic value of MCF. It is common for a debtor to list the value of an interest in a closely held business entity as zero or unknown. The entity was listed, affording the trustee and creditors the opportunity to make a detailed inquiry into the value of the business, the failure to pay MCF's annual fee, the administrative dissolution immediately before bankruptcy, and reinstatement immediately after the meeting of creditors.

11 U.S.C. § 727(a)(2)(A) requires a qualifying act of concealing Defendant's property during the year before bankruptcy, accompanied by actual intent to hinder, delay, or defraud a creditor or an officer of the estate. *Mathai v. Warren (In re Warren)*, 512 F.3d 1241, 1249 (10th Cir. 2008). Since the interest was listed, there is no concealment of Defendant's property. The Complaint acknowledges that Defendant disclosed his entire ownership interest in MCF on Schedule A/B. Disclosure of legal ownership does not necessarily foreclose a concealment claim. But Plaintiff must allege facts identifying what was concealed, how the concealment occurred during the statutory period, and how the concealment benefited the debtor. Plaintiff did not allege Defendant concealed rights or economic benefits associated with MCF.

The Complaint does not allege that administrative dissolution transferred his membership interest, placed it in another person's name, or caused him to disclaim ownership. Instead, it alleges that he continued to own the entire interest and disclosed that ownership. The Complaint acknowledges that he disclosed MCF as the source of his monthly income and stated that he expected that income to continue. The allegations do not establish a failure to disclose an ongoing ownership interest or a business from which Defendant expected a continuing economic benefit. Defendant reported the value as "unknown," not zero.

Since there is no plausible allegation that the Defendant fraudulently concealed any property, Count VII is dismissed.

VI. Conclusion

The claims set forth in the Complaint do not establish plausible grounds for denial of discharge under 11 U.S.C. § 727. Plaintiff, the Defendant's estranged wife, holds claims that are not dischargeable in the bankruptcy case pursuant to 11 U.S.C. § 523(a)(5) and (a)(15). The pending marital dissolution action affords her a forum in which to advance her grievances, determine domestic support obligations, divide marital assets, including MCF, and allocate marital debts. The Chapter 7 Trustee in this case, who is a well-respected trustee and bankruptcy attorney, determined there are no assets to be administered or grounds to challenge the entry of the discharge. The United States Trustee did not contest the entry of the Defendant's discharge.

A sloppy bankruptcy filing with numerous mistakes is one thing; denial of discharge, the harshest civil penalty in a bankruptcy case, for defrauding the Court, the trustee and creditors, is another. The Court views the inaccurate statements and omissions to be a pattern of errors rather than a pattern of fraud. Claims under 11 U.S.C. § 727(a) are strictly construed against the objecting creditor and in favor of the debtor. Even when taken as true, the errors and omissions do not constitute material grounds warranting denial of discharge.

Plaintiff is self-represented in this adversary proceeding and the Court has construed the pleadings liberally, but the Court concludes that she cannot prevail on the claims for denial of discharge and that amendments would be futile. *See, e.g., Willis v. Capital One Corp.*, 611 F. App'x 500, 502 (10th Cir. 2015); *citing Johnson v. Johnson*, 466 F.3d 1213, 1214-15 (10th Cir. 2006).

For the reasons stated above, the Court dismisses Counts I through VI because the Complaint does not allege facts to support finding of knowing and fraudulent false oaths and Count VII because there was no fraudulent concealment of property. Accordingly, IT IS ORDERED:

1. Defendant's Motion to Dismiss (Doc. 09) is construed as a motion under Fed.R.Civ.P. 12(c), applicable through Fed.R.Bankr.P. 7012, and is GRANTED as set forth in this Opinion and Order.

2. Counts I through VII of the Complaint are DISMISSED WITH PREJUDICE.

Dated this 13th day of November, 2026.

BY THE COURT:

______________________________

Joseph G. Rosania, Jr.
Bankruptcy Judge